## WALTON v. GRAY.

1. **Action of right:** CLAIMS FOR IMPROVEMENTS.   Claims for improvements are not properly pleadable by the defendant in an action of right, but only after the question of title has been settled therein in favor of the plaintiff

2. **Pleading:** EQUITABLE ISSUES.   An answer in an action of right which sets up a tax title, and asks to have the same quieted in the defendant, does not present an issue or defense which he is entitled to have tried as an equitable issue.

3 **Tax deed:** PAYMENT OF TAXES   A tax deed conveys no title where the evidence shows payment of taxes before sale.

*Appeal from Guthrie District Court.*

WEDNESDAY, AUGUST 31.

ACTION for the recovery of real property—the south-west quarter of section ten, township seventy-seven, north of range thirty, west of the fifth principal meridian, lying in Adair county, where the suit was originally brought. The plaintiffs are the patentees of the land. The defendant claims under a tax title. The venue was, on motion of defendant, changed to Guthrie county. There was a trial to a jury ; verdict and judgment for plaintiff. The defendant appeals. The further facts are stated in the opinion.

*M. L. McPherson & Polk & Hubbell* for appellant.

*Harbert & Clark & S. Sibley* for appellees.

COLE, Ch. J.—I. The defendant, in his answer, set up a claim for improvements made upon the land, after his pur-chase and during his possession, and also for taxes paid subsequent to the sale for taxes under which he claimed. On motion of the plaintiffs these claims were stricken from the answer. This action is assigned as error. There was no error to the prejudice of defendant in this ruling. The claims were not pleaded as a set-off or counter-claim, but as claims for improvements, and such claims are properly pleadable only after the question of title is settled. Rev. Secs. 2264 *et seq.* Such claims are now properly pleaded in this case and stand for trial, whereby the defendants will have the full benefit thereof.

*1. ACTION OF RIGHT: claims for improvements.*

II. The plaintiff took the depositions of several wit-

nesses to prove the loss of certain tax receipts for the land in controversy. One of the witnesses testified to placing the receipts in an envelope and to the handing of the same to another one of the witnesses ; and that other testified that the envelope was handed him by the first witness, and that he stated at the time that it contained the receipts. The envelope was afterwards handed by him to another of the witnesses with a like statement. These witnesses testified to the statement along with the fact of receiving successively, the envelope. A motion was made by defendant to suppress these statements, and was overruled by the court. Hereon the second error is assigned.

The statements were not received for the purpose of proving the contents of the envelope ; that had been properly proved by the witness who placed the receipt therein ; but for the purpose of identifying the envelope. It was not improper to receive it for this purpose, and it was not error therefore to refuse to suppress the same.

III. It is claimed that the answer which set up the tax title and asked to have the same quieted in the defendant, 2. —— pleading: equitable issue. contained an equitable defense, and that the court erred in refusing a motion to have the same tried as an equitable issue. But the facts set up in the answer did not present an equitable issue or defence heretofore exclusively cognizable in equity, so as to entitle the defendant to have the same tried in the manner asked. Rev. Sec. 2617. See also Rev. Stat. 784. Cunn v. Cotting, 22 Iowa, 411.

IV. The only other alleged error relied upon is, that the verdict is contrary to the evidence. A careful reading 3. TAX DEED; payment of taxes. of the testimony convinces us as it did the jury, that the taxes upon the land and for which the same was sold, had been paid by the plaintiff's agent, months before the sale, and as a consequence

the treasurer's deed did not convey the title. Rev. § 784. Any other finding by the jury than that made by them would have been contrary to the evidence, as we understand it.

Affirmed.