## MORRIS v. THE COUNTY OF SIOUX.

1. **Tax Sale:** REDEMPTION: WHEN SALE IS VOID. A sale of land for taxes after their payment, through mistake of the treasurer, is void, and if the owner shall voluntarily redeem from such sale, he cannot recover from the county the amount paid to redeem.

2. ———: ———: ———. The purchaser at the sale can maintain an action against the county for the recovery of the amount paid by him.

*Appeal from Sioux Circuit Court.*

WEDNESDAY, MARCH 22.

ACTION at law. A demurrer to the petition was sustained. From this ruling plaintiff appeals. The facts of the case fully appear in the opinion.

*Swan & Fawcett,* for appellant.

*J. J. Bell* and *Joy & Wright,* for appellee.

Money for redemption having been voluntarily paid with full knowledge of the facts, no right of action arises for such

payment. (*Lauman v. County of Des Moines*, 29 Iowa, 312; *Estop v. Keokuk Co.*, 18 Id., 199.) The sale by the treasurer of plaintiff's land after the taxes had been paid was a tort for which the treasurer and not the county is liable. (Angell & Ames on Corp., § 311; *Com's etc. v. Mighells*, 7 Ohio St., 109.)

BECK, J.—The petition alleges that plaintiff, being the owner of certain real estate in Sioux county, paid the taxes assessed thereon for the year 1871, on the 5th day of February, 1872. On the 6th of January, 1873, the property was sold for the taxes of the year 1871. The petition, after the statement of these facts, proceeds in the following language: "That on the 14th day of April, 1875, this plaintiff, in order to prevent his said land from being conveyed by the treasurer of said county and a cloud cast upon his title, and to avoid vexatious litigation, trouble and costs of clearing his title, and the damage and expense to him by reason of the said wrongful sale of the land, was obliged to redeem the said land from the said sale, and this plaintiff paid to the auditor of said Sioux county for the redemption of said land the sum of $87.10 and received his certificate of redemption therefor."

The demurrer assails the petition on the ground that the tax sale, from which plaintiff redeemed, was a nullity, giving the purchaser no right and imposing upon plaintiff no obligation to redeem therefrom; that the payment by plaintiff to the auditor for the redemption was voluntary, and plaintiff cannot recover from the county the amount so paid. The demurrer was sustained, and such ruling is the only ground of error assigned by plaintiff.

The taxes having been paid before the sale, it was void. No duty or obligation rested upon plaintiff to redeem therefrom. His title was not imperiled by the sale, and for its protection he was not required to redeem. His payment for the purpose of redemption was, therefore, entirely voluntary and under a familiar rule of the law is not a foundation of an action for the money so paid. *Lauman v. County of Des Moines*, 29 Iowa, 310, and *Isbell*

1. TAX SALE:
redemption:
when sale is
void.

*v. Crawford County*, 40 Iowa, 102, are not inconsistent with this conclusion. In these cases we held that taxes illegally levied, or invalid because not levied, if paid, may be recovered back in an action against the county. The decisions are based upon the statute. Rev., § 762; Code, § 870. It cannot be construed to apply to the case of money paid by the land owner to redeem from a sale for illegal taxes.

The purchaser at the tax sale could have recovered from the county under Code, § 899. It cannot be claimed that the right conferred by this statute upon the purchaser was, by the act of plaintiff in voluntarily redeeming, transferred to him. He cannot be regarded as the assignee of the purchaser, nor is he, in any way, subrogated to the purchaser's rights. In our opinion the court rightly sustained the demurrer.

2. ——: ——:
——.

AFFIRMED.