THE CAPITAL CITY GAS LIGHT CO. v. THE CHARTER OAK INS. CO. ET AL.

1. **Taxation**: ASSESSMENT: GAS COMPANY. The mains and pipes of a gas company are mere appurtenances of the realty whereon the works are situated, and are to be so assessed.

2. ———: ———: ———. Where they had been erroneously assessed as personal property, and the company had paid the taxes upon its realty, and received a receipt therefor, it was *held* not competent for the treasurer to advertise and sell the realty for the alleged delinquent taxes upon the personalty.

*Appeal from Polk Circuit Court.*

SATURDAY, APRIL 26.

THE Des Moines Gas Company was the owner of lots 5 and 6, in block 28, in the city of Des Moines. On the 5th day of May, 1873, said company conveyed said lots, with all its property, rights and franchises, by a deed of trust or mortgage, to F. R. West, trustee, to secure the payment of one hundred bonds of said company, of one thousand dollars each. Default was made in the payment of said bonds, and the said West commenced an action for the foreclosure of said trust deed or mortgage. The holders of said bonds also commenced an action for the same purpose. In the year 1877 it was decreed that the property of said gas company should be sold, without redemption, to pay the sums due on said bonds. In pursuance of said decree said property, with all and singular the other property of the said Des Moines Gas Company, was, on the 27th day of May, 1877, sold on special execution to the Capital City Gas Light Company, and a conveyance thereof was duly made. Said lots 5 and 6 were assessed, listed and taxed for the year 1875 to the Des Moines Gas Company, and the tax upon said lots was fully paid on the 23d day of February, 1876.

The assessment of the property of said Des Moines Gas Company for the year 1875 appears upon the assessor's book as follows:

The Capital City Gas Light Co. v. The Charter Oak Ins. Co.

| | | SUB-DIVISION OR DESCRIPTION. | |
|---|---|---|---|
| *In red ink on the original. | | Section. | Lot. |
| | 5&6 | Contents. | Block. |
| | 33 Des Moines Gas Company. | OWNERS' NAMES. | |
| | | Poll. | |
| | | No. Sub District. | |
| | *(4)6,320 | No. Road District. | |
| | | Value per Acre. | |
| | 15000 | Value of realty. | |
| | I have assessed the pipes as real estate at one hundred and forty thousand. | Neat Cattle. | |
| | | Value. | |
| | | Horses. | |
| | | Value. | |
| | | Mules and Asses. | |
| | | Value. | |
| | | Sheep. | |
| | | Value. | |
| | | Swine. | |
| | | Value. | |
| | | Vehicles. | |
| | | Value. | |
| | | Value of Merchandise. | |
| | | Capital Employed in Manufactures. | |
| | | Moneys and Credits. | |
| | | Taxable Household Property. | |
| | | Corporation Stocks. | |
| | | Taxable Farming Utensils or Mechanics' Tools. | |
| | | Other Taxable Property. | |
| | | Total Personal Property. | |
| | *40,000; 155,000) | Total. | |
| | *46,320 | Acres Fruit Trees. | EXEMPTIONS. |
| | | Acres Forest Trees. | |
| | | Miles Hedge. | |
| | | Miles Shade Trees Along Public Highways. | |
| | | VALUE. | |

The Capital City Gas Light Co. v. The Charter Oak Ins. Co.

It appears that the gas works of said company were located upon said lots 5 and 6, and that the mains and pipes belonging to said company and running under the streets of the city were connected with the works upon said lots. After said assessment was made the city council, acting as a board of equalization, reduced the same to six thousand three hundred and twenty dollars upon said lots 5 and 6, and the assessment of the pipes and mains to forty thousand dollars. The proper change was made in the assessor's books, as shown by the above copy thereof. The board of equalization of the county reduced the valuation of said lots to five thousand six hundred and ninety dollars. Upon the tax books for that year the property of said Des Moines Gas Company was listed in the words and figures and in the manner following:

| TAX LIST FOR 1875. | | | | Value of Personality. | | Total. | Consolidated Tax. | Total Tax. |
|---|---|---|---|---|---|---|---|---|
| Lots. | Block. | Description. | Value of Realty. | | | | | |
| 5 & 6 | 28 | Des Moines Gas Comp'y. | $5,690 | $40,000 | | $45,690 | $2,284.50 | $2,284.50 |

| Date of Payment. | When Sold. |
|---|---|
| February 28, 1876.  Ex. Personal. | Sold December 18, 1876, for Personal. |

The taxes due upon said forty thousand dollars, which appeared from the tax books in the hands of the treasurer to be listed and taxed as personal property, were not paid. The treasurer advertised said lots 5 and 6 for sale, for the delinquent tax on said forty thousand dollars, and in October, 1876, sold said lots to Polk & Hubbell, for the amount of said tax, interest, and the penalties thereon. Polk & Hubbell afterward assigned the tax sale certificate to the defendant E. W. Smith. This action was commenced by the Capital City Gas Light Company, the purchaser of said property at the sale in foreclosure, to set aside said tax sale as being illegal and

void, or to compel the receiver of said property to redeem the same from said tax sale, if such sale should be deemed valid. The county of Polk was made a party defendant. The court below held that said tax sale was illegal and void, and set the same aside. The county of Polk and E. W. Smith, the holder of the tax sale certificate, appeal.

*Wm. E. Miller*, for Polk county, appellant.

*McHenry & Bowen*, for E. W. Smith, appellant.

*Barcroft, Given & Drabelle*, for plaintiff.

*Nourse, Kauffman & Co.*, for defendants, appellees.

ROTHROCK, J.—The Des Moines Gas Company had no personal property subject to taxation for the year 1875. The treasurer, as shown by the tax sale certificate, did not sell said lots for a delinquent personal property tax. The sale was made for what was claimed to be a tax due upon the lots. It is contended by counsel for appellants that the forty thousand dollars named by the assessor as upon the pipes, was really upon the lots, because the pipes were but appurtenances to the lots, and the fact that said forty thousand dollars valuation was placed upon the treasurer's books as personal property, was but a mere irregularity and did not vitiate the sale. The appellees contend that when the payment of the tax proper upon the lots was made, there could be no sale for delinquent taxes upon the lots for what appeared to be a personal property tax.

It is required by section 821 of the Code that town lots shall be assessed by naming the town in which they are situated, and stating the numbers of the lots and blocks according to the system of numbering in the town. When the assessor described lots 5 and 6 in the city of Des Moines, and placed his valuation thereon, his work was complete. This description of the lots embraced not only the lots proper, but everything appurtenant thereto. The gas mains and

*Margin note:* 1 TAXATION: assessment: gas company.

pipes were but appurtenances to the lots. *In the Matter of the Appeal of the Des Moines Water Company*, 48 Iowa, 324.

The tax payer, in making payment of his taxes, usually relies upon the tax books in the hands of the treasurer. 2. ——: ——: When application was made to pay the taxes levied upon the property of the Des Moines Gas Company for the year 1875, the books did not show any tax against the real estate of said company excepting that which is included in the receipt of payment of the date of February 28, 1876. The receipt then given by the treasurer purports to be a receipt in full of the taxes upon said lots 5 and 6. True, it appeared by the tax book that there were taxes levied upon forty thousand dollars of personal property of the gas company, but it is not claimed that any personal property was owned or assessed to the gas company, and the treasurer made no sale of lots 5 and 6 for delinquent personal property taxes. He attempted to sell for the taxes upon the lots.

Counsel for the appellant, Polk county, cites a number of authorities which hold that mere irregularities in the assessment of property do not vitiate the taxes levied thereon. An examination of these authorities, however, aids but little in determining the question involved in this case. The question as to what is a mere irregularity in exercising the taxing power is of such a character that each case must be determined upon its own peculiar facts and circumstances.

We think when the tax upon the lots, as shown by the tax books, was paid and a receipt in full given therefor, it was not competent for the treasurer to advertise and sell the lots for alleged delinquent taxes thereon. To sanction such a proceeding would tend to confusion in the exercise of the taxing power, and to mislead property owners and involve them in vexations, trouble and expense.

It does not appear from the record before us that any officer of the Des Moines Gas Company attempted to shield any of its property from taxation by concealment or otherwise, and we think that when the tax upon lots 5 and 6 was paid,

and a receipt in full given therefor, the subsequent sale for alleged delinquent taxes upon said lots was void. The decree of the Circuit Court must be

AFFIRMED.