53 383
93 502

THE IOWA RAILROAD LAND COMPANY v. GUTHRIE ET AL.

1. **Tax Sale:** VALIDITY OF: PAYMENT OF TAXES. Where taxes, becoming due upon land subsequently to a void sale for previous taxes, were paid by the holder of the void certificate, to whom they were afterward refunded, it was held that such taxes could not again be treated as delinquent by the treasurer, and that a sale of the land therefor was void.

*Appeal from Carroll District Court.*

WEDNESDAY, APRIL 21.

ACTION in chancery to enjoin defendant Guthrie, who is treasurer of Carroll county, from issuing a tax deed to defendant Harding, the purchaser of certain lands at a tax sale made in 1875, for the taxes of 1870. Upon a trial of the cause on the merits, a decree was entered granting the relief claimed. The defendants appeal. The facts of the case appear in the opinion.

*O. H. Manning*, for appellants.

*E. S. Bailey*, for appellee.

BECK, J.—I. The pleadings of the parties need not be set out. They sufficiently allege the facts relied upon by plaintiff for the relief sought, and by defendants

1. TAX SALE: validity of: payment of taxes.

as defense to the action. The case was submitted upon an agreed statement of facts. It shows that the lands in controversy were sold, December 6, 1875, for the taxes of 1870, and defendant Harding became the purchaser and now claims that he is entitled to a treasurer's deed for the lands. The other facts are recited in the agreed statement in the following language:

"2. That on the 31st day of May, 1871, the plaintiff, by its agent, presented to the treasurer of said county, at his office in said county, a list of lands upon which plaintiff desired to pay the taxes of the year 1870, which list contained

the several tracts of land set out in said third paragraph, and offered to pay the taxes for said year thereon.    The said agent was then informed by said treasurer that said taxes on said land had been paid previously, which information and statement are true.    That said payment was entered upon the tax list; that the proper tax books or tax list then showed that the said taxes were paid; that the treasurer had entered on said book opposite each tract of land the amount of the tax levied, the payment thereof and day of payment; the number of the receipt given; that said entry so appeared on said book on the 31st day of May, 1871, and so continued and remained thereon until the year 1875, when the said entries were erased; that said plaintiff paid all the taxes levied on said land for the years 1871 to 1877 inclusive; that no entries that the said tax of 1870 was delinquent appeared on the tax books of 1871 and 1872.

" 3.    That the land in controversy, at the annual tax sale for the year 1868 was sold by the treasurer of Carroll county, Iowa, for the taxes of the years 1861 and 1866, then appearing upon the tax books of said county to be delinquent against them, and upon such sale certificates were issued, and in March, 1871, the holder of the tax certificates under such sale paid to the county treasurer of Carroll county, Iowa, the tax of the year 1870, then delinquent, and filed their duplicate receipt therefor with the county auditor.

" 4.    That in May, 1871, the plaintiff paid its taxes upon its other lands in Carroll county for the year 1870, and was then informed by the treasurer of Carroll county of the fact of such sale in 1868, and that the tax for the year 1870 on the land in controversy in this action had been paid by the holder of such certificate under such sale.

" 5.    After being informed of the fact of such sale in 1868, of the lands in controversy, and the holder of the certificate thereunder had paid the taxes of 1870 thereon, the plaintiff did not pay or offer to pay such taxes of 1870 thereon, or make any attempt to pay them, but caused the treasurer to

omit such lands from their receipts of said year's (1870) taxes, and obtained no receipt therefor.

" 6. Said sales of the lands in controversy so made in 1868, for the taxes of 1861 and 1866, as aforesaid, and under which the said tax of 1870 was paid by the said tax purchasers, were void, the said lands not being subject to taxation for the said years 1861 and 1866, the years the taxes for which they were so sold as aforesaid, and did not become taxable until 1868. The plaintiff, its officers and agents, at all times claimed such lands were not taxable for the said years 1861 and 1866, for which they were so sold as aforesaid, and made said claim at the time the county treasurer of said Carroll county informed plaintiff's officers and agents of said sale of said land, and of the payment of said tax purchaser of said tax of 1870, and long prior to the time of their being so informed in relation thereto. Said Carroll county claimed then, and at all times, that said lands were taxable for the said year 1861 and subsequent years until the year 1874, when the matter was decided by the Supreme Court of Iowa, and said lands were determined to be not subject to taxation prior to the year 1868.

" 7. In April, 1875, the county of Carroll refunded to the holders of the tax certificates of sale, under said tax sale of 1868, the money paid at said sale, and also the tax of 1870 so paid as aforesaid on the lands in controversy.

" 8. After the said refunding had been made, and which was made by reason of said sale being void as aforesaid, the treasurer of Carroll county, Iowa, treated said lands as delinquent for the year of 1870, and sold the same therefor to defendant Harding, as set out in plaintiffs' petition.

" 9. The lands were subject to taxation for the year 1870, and the taxes were not paid by plaintiff, or by any one for plaintiff, for said year 1870.

" 10. Defendant Harding has duly served notices of the expiration of said redemption more than ninety days prior to the sitting of this court.

"11.   No payment of the tax of 1870 on the lands in controversy was ever made except that made by the holders of the tax certificate under said sale of 1868, and all entries of payment of the tax of 1870 upon the tax books relate to said payment of said tax purchasers; and the only receipts of payment of said tax of 1870 ever issued on the land in controversy, and all reference at any time made on the tax books to payments of said tax, or receipts thereof, refer to the receipts so issued to the holders of the certificates of tax sale issued on said sale, made in 1868, for the tax of 1861 and 1866."

The following facts are established by the agreed statement:

1.   The lands were sold in 1868, for the delinquent taxes of 1861 and 1866, and a proper certificate issued to the purchaser.

2.   They were not subject to taxation for the years 1861 and 1866, and the sale was, therefore, void.

3.   The purchaser at the tax sale paid the taxes for 1870.

4.   The county, upon ascertaining that the tax sale was void, refunded to the purchaser the amounts paid by him upon the tax sale, and for the taxes of 1870.

5.   Thereupon, the county treasurer treated the lands as delinquent for the taxes of 1870, and sold them therefor to defendant Harding.

II.   Payment of taxes defeats the right and power to sell the lands taxed.   *Morris v. County of Sioux,* 42 Iowa, 416. This is so, whether payment be made by the owner or one having no interest in the land.   A mere stranger has not the right to pay taxes, but if payment be made by such an one and received by the county treasurer, the state or county, or their officers, cannot afterwards question the payment.   These officers are not clothed with power to determine questions of ownership of, and interest in, lands, and the rights of parties thereto.   Their powers and duties are wholly ministerial. They, doubtless, may refuse to receive taxes from a mere volunteer, who claims no interest in the lands, and as such offers to pay them for the purpose of acquiring a right against the

owner. But if he has, or claims to have, such an interest in the lands as to authorize him to pay the taxes, we know of no law authorizing the county treasurer to decide upon his claim. Certain it is that the treasurer, after having received the taxes from such persons, cannot treat the land as delinquent. This conclusion is supported by the following authorities: *Montgomery v. Meredith*, 17 Pa. State, 42; *Morrison v. Kelley*, 22 Ill., 610; *Masson v. Chicago*, 48 Ill., 420.

III. Code, § 870, does not support the position of defendant's counsel, that the tax for 1870 was lawfully refunded to the parties paying them. It provides that "the board of supervisors shall direct the treasurer to refund to the tax payer any tax, or any portion of a tax, found to have been erroneously or illegally exacted or paid." The tax, in this case, was not "erroneously or illegally exacted or paid." It was a legal tax, lawfully paid and lawfully received by the treasurer. *Dubuque & Sioux City R. Co. v. Supervisors of Webster Co.*, 40 Iowa, 16.

In our opinion, the decree of the District Court is correct.

AFFIRMED.