PARKER v. COCHRAN.

1. **Taxes:** ASSESSMENT OF: OMISSION OF OWNER'S NAME IN TAX-LIST: VALIDITY. Where the taxes on land were duly assessed to the owner, the omission of the owner's name in transcribing the tax into the tax-list did not invalidate the assessment.

2. **Tax Sale and Deed:** SALE FOR SEVERAL YEARS: PART GOOD—PART BAD: VALIDITY OF DEED: RULE STATED AND APPLIED. Where land is sold for the taxes of several years, and a deed made pursuant to such sale, the deed is valid, if the sale is legal for the taxes of one of the years, though it is illegal as to the taxes of the other years. Accordingly, in this case, where the land was sold for the taxes of 1873, 1874, 1875 and 1876, the sale and deed were not invalidated by the fact that the taxes for the first three years had not been carried forward on the tax lists, as required by section 845 of the Code,—the sale for 1876 being valid, and sufficient to sustain the tax title.

3. **Taxes:** "ERRONEOUSLY OR ILLEGALLY EXACTED OR PAID:" CODE, §. 870: CONSTRUCTION. In section 870 of the Code, which provides, among other things, for the refunding of taxes in certain cases, the words "erroneously or illegally exacted or paid" include taxes paid by a purchaser at tax sale, for which the land is illegally sold, because the taxes have not been brought forward on the tax lists, as provided by section 845 of the Code; and the words "such erroneous tax," afterwards occurring in said section, are equally inclusive.

4. **Tax Sale:** NOTICE TO REDEEM: SERVICE ON "PERSON IN POSSESSION:" CONSTRUCTION. Section 894 of the Code, requiring notice of the expiration of the time for redemption of land from tax sale to be served on the "person in possession," has reference to the person in *actual* possession only, and does not require such notice to be served upon the owner of land in the actual possession of no one. See *Fuller v. Armstrong*, 53 Iowa, 683.

5. ———: ———: LAND TAXED TO NO ONE: NO NOTICE: VALIDITY OF DEED. A tax deed, otherwise valid, will not be set aside on the ground that no notice of the expiration of the time for redemption was served upon the person in whose name the land was taxed, when, according to the averments of the petition, it does not appear to have been taxed to anyone. Compare *Fuller v. Armstrong, supra,* and *Tuttle v. Griffin, ante,* p. 455.

*Appeal from Clay Circuit Court.*

TUESDAY, OCTOBER 21, 1884.

ACTION to set aside a tax deed, and for other relief. The

defendant demurred to the plaintiff's petition, and the demurrer was sustained. The plaintiff elected to stand upon his petition, and judgment was rendered against him for costs. He appeals.

*Parker & Richardson,* for appellant.

*E. E. Snow,* for appellee.

ADAMS, J.—The petition states, in substance, that the plaintiff is the owner of the land in question; that it was sold at one sale for the taxes of 1873, 1874, 1875 and 1876, and the deed in question was issued upon such sale; that the sale was invalid, for the reason that the delinquent taxes for the first three years above mentioned were not brought forward, as required by law, and for the further reason that there was no valid assessment for any of the years, because the taxes for the first two years were not assessed to any person by name, nor were the words "unknown owner" inscribed upon the page upon which the assessment was made, but the place where the name of the owner, or the words "unknown owner," should have been written, was left blank; that, while the taxes for the last two years were duly assessed to the owner, Jacob Kirchner, the assessment was not so transcribed as to appear in the tax lists as assessed to Kirchner, or to any other person named; that the tax deed is invalid, because, while from the time of the sale until after the issuance of the tax deed Kirchner was the owner, and, by reason of his ownership, had constructive possession, (no one having actual possession,) no expiration notice was served upon him, and none was served upon the person in whose name the land was taxed, and so the time of redemption, if there was any valid sale, has not expired; that the amount necessary to redeem cannot be ascertained by simple compensation, but that whatever the amount is he is ready to pay.

From the foregoing, it will be seen that the questions presented pertain to the validity of the assessments, to the effect

of the omission to carry forward the delinquent taxes of the years prior to that of the sale, and the fact that no notice of the expiration of redemption was served on Kirchner, and none on any person, as the one in whose name the land was taxed.

I. As to the assessment of the taxes for 1875 and 1876, it is admitted that they were duly assessed, (so far as the assessor's duty was concerned,) to the owner, Kirchner, and the only error complained of is the omission of his name in transcribing the tax into the tax list. In our opinion, such omission could not have the effect to invalidate an assessment already duly made. It is certainly not expressly so provided, and we can discover no principle which would justify us in so holding. Having reached this conclusion respecting the assessments of 1875 and 1876, it is unnecessary to inquire respecting those of 1873 and 1874, for, if it should be found that those were invalid, such invalidity alone would not affect the validity of the sale, which was made for taxes of two other years duly assessed.

*1. TAXES: assessment of: omission of owner's name in tax lists: validity.*

II. The plaintiff's position in respect to the omission to carry forward the delinquent taxes of the years prior to 1876 is based upon section 845 of the Code. That section provides that "any sale for the whole or any part of such delinquent taxes not so entered shall be invalid." It may be conceded that, if the sale had been made alone for the delinquent taxes of the prior years, it would be invalid. But it was made, not only for the taxes of those years, but for the taxes of the year 1876. So far as the taxes of that year are concerned, the sale was proper and legal, and the question is whether, a deed having been issued upon such sale, no tender of the taxes of 1876 having been made, nor offer to redeem by their payment, the plaintiff can be relieved as against the deed. The determination of this question involves a construction of section 870 of the Code. That section provides

*2. TAX sale and deed: sale for several years: part good— part bad: validity of deed: rule stated and applied.*

Parker v. Cochran.

for the refunding of a tax "erroneously or illegally exacted or paid;" and, also, that "the error or irregularity in the tax may, at any time, be corrected as above provided, and shall not affect the validity of the sale     *     *  ,    if the property was subject to taxation for any of the purposes for which any of the taxes for which the land was sold was levied, and the taxes were not paid before sale, and the property had not been redeemed from sale."

This section is relied upon by the defendant as sufficient to sustain the sale. The plaintiff, on the other hand, denies that it has any application. His position is that, where the error or irregularity pertains merely to the mode of sale, and does not inhere in the tax itself, such error or illegality invalidates the sale. The question presented is not entirely free from difficulty, but we have reached the conclusion that the plaintiff's position cannot be sustained.

We have been unable to discover any reason why the legislature should have made a distinction between a case where

3. TAXES "erroneously or illegally exacted or paid:" code, § 870: construction.
taxes have been erroneously paid by a tax sale purchaser, on a sale which should not have been made for such taxes, because not carried forward, and one where the taxes themselves were illegal from their inception. In either case, the payment made by the tax sale purchaser is an erroneous payment. In either case, the land owner is entitled to redeem before deed, by paying simply the taxes for which the land was properly sold, and penalty and interest thereon, and, in either case, the other taxes paid should be refundable to the purchaser from the county treasury. We hardly think, indeed, that it would be denied by any one that if the plaintiff had, before deed, redeemed from the taxes of 1876, the other taxes would, under the first part of the section above cited, have been refundable as taxes erroneously paid. If this is not so, we are unable to see that a tax purchaser would have any remedy for such taxes, and we cannot think that the design was to leave him remediless.

Having reached the conclusion that the words "erroneously paid," as used in the first part of the section, are applicable to a payment like the one in question, we have to say that we think that it follows that the words " such erroneous tax," used afterward, must be held to mean any tax erroneously paid, as first provided. While the taxes in question were not of themslves erroneous, they became, we think, essentially such, so far as the attempt to make a sale thereon was concerned. In determining the meaning of particular words of a statute, we must often have reference to the context and the general scope of the statute, and we cannot assume that every word is used with strict accuracy.

III. The plaintiff's position that the expiration notice should have been served upon Kirchner is, we think, also untenable. It is true that, if Kirchner was the owner, and no one was in actual possession, he had constructive possession. The statute provides that the notice must " be served upon the person in possession." It does not provide that it must be served upon the person in actual possession, but this, we think, is what it means. It would often be difficult, and sometimes impossible, to discover the owner. If we should adopt the rule contended for, no one would know, in purchasing at a tax sale, whether he could procure a valid deed or not. See *Fuller et al. v. Armstrong*, 53 Iowa, 683.

IV. The plaintiff averred that no expiration notice was served upon the person in whose name the land was taxed. But, according to the averments of the petition, the land does not appear to have been taxed in the name of any one. The omission, therefore, does not affect the validity of the deed. *Fuller et al. v. Armstrong*, above cited, and *Tuttle v. Griffin, ante*, p. 455. We think that the demurrer was properly sustained.

AFFIRMED.