JOHN RATH, Executor, *et al.*, v. BERTHA MARTIN, Executrix, *et al.*, Appellants.

S. BLOCK v. BERTHA MARTIN, Executrix, *et al.*, Appellants.

**Tax Sale.** A parcel of land was lot thirteen in block ninety-nine of an original plat. There was a subsequent re-platting without a formal vacation of the original plat. In this change, the accurate description of the lot became number twenty-six in block fifteen of Foster's addition. The identity of the parcel was ascertainable by the records. The land was assessed under both descriptions. The owner paid all taxes levied against the original description with actual knowledge of the double assessment. A tax deed issued for nonpayment of taxes levied upon the lot under the new and accurate description. *Held*, the tax deed is void.

LIMITATIONS OF ACTIONS. The provision of Code, 902, requiring recovery from tax sale to be initiated within five years, does not apply to cases where taxes upon which the sale rests were, as in this case, in fact paid.

*Appeals from Hardin District Court.*—HON. S. M. WEAVER, Judge.

FRIDAY, JANUARY 25, 1895.

Actions in equity to quiet the title of the plaintiffs to lots in the town of Ackley. The actions were heard

together on the same evidence. There was a decree in each against the defendants, and they appeal.— *Affirmed.*

*J. H. Scales* for appellants.

*Huff & Ward* for appellees.

Robinson, J.—The plaintiffs in the action first entitled are the executors of the will of J. Seaton Kelso, deceased, and his devisees and heirs. They claim to be the absolute owners, through the decedent, of lots numbered twenty-six, twenty-seven, twenty-eight, and twenty-nine, in block fifteen, in Burns and Foster's addition to the town of Ackley. The plaintiff in the second action claims to be the absolute owner of lots numbered nineteen, twenty, twenty-one, twenty-two, twenty-three, twenty-four, and twenty-five in the same block. The defendants claim to be the absolute owners of all the lots described, by virtue of a tax sale and deed, and by adverse possession for the period of ten years. The District Court found and decreed that the devisees of Kelso, who were plaintiffs in the first action, were the owners in fee simple of the lots claimed by them, and that the plaintiff in the second action is the owner in fee simple of the lots claimed by him.

It appears that in the year 1858 the original plat of the town of Ackley was made and recorded. By it the premises in controversy were platted as lots thirteen, fourteen, fifteen, and sixteen in block numbered ninety-nine. In October, 1869, the lots thus platted were included by Burns and Foster, who then owned them, in a new plat, known as "Burns and Foster's Addition to the town of Ackley." That showed the property in controversy as lots of block fifteen, as described in the petition. The plaintiffs

claim title from Burns and Foster by the description given in their plat, and the plaintiffs and their grantors have paid taxes levied upon the lots thus described for each year since the new plat was made. It appears, however, that for several years, if not for every year, after the new plat was made, the lots were also assessed and taxed according to the description given in the original plat. In the year 1874 the property in question was assessed and taxed according to both descriptions, but to different persons or owners. Burns and Foster paid the taxes assessed and levied according to the description contained in their plat. The taxes levied according to the description in the old plat were not paid, and the lots were sold in October, 1875, for the payment of those taxes. No redemption from the tax sale having been made, a tax deed was issued to the purchaser for the lots as described in the first plat, in October, 1878. Since that time the defendants and the persons through whom they claim have paid the taxes each year on the lots in controversy according to the description given in the original plat. It is not shown that there was ever any formal vacation of the first plat, and the second plat must be regarded as a mere replatting of the premises in controversy, without any attempt to vacate in a formal manner the first one. The defendants contend that the property described in the two assessments is not identical, because there were changes in the streets and alleys. But it was agreed by all parties in open court, in effect, that the property included in the two assessments was the same; and that agreement must control, even though there is evidence which tends to show that it is erroneous. We are satisfied, however, that it is substantially correct.

I. The principal question we are required to determine is whether a sale of real estate for unpaid taxes levied according to a legal description of the premises sold is valid when the same premises had been assessed and taxed under a different description, which was not technically accurate, and the taxes thus levied had been paid by the owner of the premises before the sale was made. No question of notice except that imparted by the public records of the county, nor of good faith, is involved in the case. It is the duty of the proper authorities to assess and tax all property within the state not exempt from taxation, once for each year. Double taxation is not, as a rule, favored, and, when applied to such property as that in question, is illegal. When all taxes levied for the year 1874 upon a fair assessment had been fully paid, the right to collect taxes on account of it was at an end; and a sale thereafter made for the taxes of that year was without authority. *Land Co. v. Guthrie*, 53 Iowa, 386, 5 N. W. Rep. 519; *Patton v. Luther*, 47 Iowa, 236; *Morris v. Sioux Co.*, 42 Iowa, 416; *Harber v. Sexton*, 66 Iowa, 212, 23 N. W. Rep. 635. A tax deed issued pursuant to a sale for taxes which had been paid conveys no title. Code, section 897; *Walton v. Gray*, 29 Iowa, 442. We do not overlook the fact that of the two assessments in question the one under which the sale was made gave the more accurate description of the property assessed. But that is not conclusive of the rights of the parties. It is said in Cooley, Tax'n, 405, that land listed for taxation is described for purposes as follows: "First, that the owner may have information of the claims made upon him or upon his property; second, that the public, in case the tax is not paid, may know what land is offered for sale for nonpayment; and, third, that the purchaser may be enabled to obtain a sufficient conveyance." It is further said that, "if the

description is sufficient for the first purpose, it will ordinarily be sufficient for the others also." This seems to us to be a correct statement. The description adopted in each of the assessments in question was sufficient within that rule, but it appears that the assessment on which the taxes paid by the grantor of Kelso were levied was in their name, while the other assessment was to an owner unknown. At least that is true of the lots claimed by the devisees of Kelso, and it is not claimed that the assessments of the remaining lots were different in that respect. It was said in *Nichols v. McGlathery*, 43 Iowa, 190, that there cannot be two valid assessments for the same tax, and that, where there are two assessments of the same land for the same tax, one of which is in the name of the owner and the other to an "unknown owner," the one in the name of the owner is valid, and the other is void. It is true, there was no confusion of descriptions of the land shown in that case. But the assessment in question, made according to the new plat, adopted a description which, taken with the public records, identified the property which was sought to be taxed with absolute certainty. The owner of the property was not responsible for the double assessment, and it is not claimed that he had actual knowledge of it. When he paid the taxes on his property under a description which the public records showed had been adopted for the purpose of taxation, and which he knew to be accurate in fact, his active duty was at an end, and the right of the county treasurer to make further collections on account of the same tax was terminated. It follows that the sale of delinquent taxes actually made was void.

II.    The defendants claim to have been in actual possession of the property in controversy for seven years.    As the taxes had been paid for the year for which the lots were sold, they can claim nothing under section 902 of the Code by reason of their possession.    *Patton v. Luther*, 47 Iowa, 236.    But we do not understand that they ask anything on that ground.    No right based on that section is claimed in the answer nor in the opening argument for the appellants, and it is suggested, rather than claimed, in their reply.    We find no reason for disturbing the decree of the District Court, and it is therefore *affirmed*.