W. W. Wren, Appellant, v. Charles L. Berry, County
Treasurer, Appellee.

No. 41464.

June 24, 1932.

H. E. Klise, for appellant.

F. B. Olsen, for appellee.

GRIMM, J.—At the time when the special assessment hereinafter referred to was levied, the plaintiff was the owner of the east 114 feet of the north 150 feet of Outlot 4, Iowa City, Iowa. On August 1, 1925, the plaintiff sold and conveyed unto Rose E. Abramsohn the east 6 feet of said tract. In 1922, a special assessment for paving was levied by Iowa City against the aforesaid property, the same being payable in ten equal installments of $91.81 each, the first being payable March 1, 1923, and the last on March 1, 1932. There is no claim by the plaintiff of any illegality in said special assessment or in the manner of its certification. The County Auditor made up the special assessment tax list and certified and made return of the same to the County Treasurer in a special assessment book for that purpose. The first three installments of the special assessment, that is, for the years 1923, 1924, and 1925, were paid by the plaintiff. No payment of the remaining installments of said special assessment has been made by anyone. On December 2, 1929, all of the real estate hereinbefore described was sold at regular tax sale for the four installments of said special assessment which became due March 1, 1926, March 1, 1927, March 1, 1928, and March 1, 1929. After the deed to the east 6 feet of the aforesaid real estate was executed and the transfer made in the Auditor's office, the Auditor, in making up the next regular tax list, showed the tax on same (not including the special assessment) as taxed to and collectible from Abramsohn. This tax list necessarily referred to only the real property tax and the personal prop-. erty tax of Abramsohn. After the Treasurer received this tax list, or prior thereto, but after the Treasurer received information from the plaintiff that he had sold and conveyed said east 6 feet of the foregoing tract to Abramsohn, the Treasurer, in the special tax list book, where the real estate was therein listed to the plaintiff, wrote the name Abramsohn.

It appears from the testimony of the plaintiff that he was claiming that Abramsohn was liable, not only for that portion of the subsequent assessments affecting the 6 feet which Abramsohn had purchased, but also for all of the remaining installments upon the whole tract. It appears, however, from the preponderance of

the testimony, that the plaintiff's claim to the County Treasurer was that he should not pay said special tax upon the east 6 feet which he had sold and conveyed to Abramsohn, and that he was informed by the Treasurer, or his deputy, that the Treasurer was powerless to make a division of the taxes, and that unless an agreement was made between the plaintiff and Abramsohn as to the portion which each should pay, the tax would have to be collected *in toto* from the real property as it was listed. None of the subsequent installments for the special assessment were paid by either the plaintiff or Abramsohn, but the plaintiff paid his poll tax and the consolidated tax against that portion of the real estate remaining after he had conveyed the east 6 feet thereof to Abramsohn.

As hereinbefore stated, the entire tract was sold at regular tax sale December 2, 1929, for the four installments of the special assessment due for the years 1926 to 1929, inclusive. The property was advertised and sold as belonging to Abramsohn, and this is the first proposition which is urged by the plaintiff as making the sale void.

It will be noted that the plaintiff in his petition prays "that a peremptory order of mandamus issue commanding the defendant to forthwith cancel said erroneous sale of December 2, 1929." His right to proceed in mandamus is not questioned by the defendant, and as we proceed we shall assume, without deciding, that plaintiff would be entitled to a writ of mandamus as prayed, in the event that the tax sale is void. In any event, the plaintiff is not so entitled unless the sale is wholly void.

I. Plaintiff's first contention is that the sale is void because the real estate was advertised and sold as the property of Abramsohn. It will be remembered that a portion of said real estate does, in fact, belong to Abramsohn. Plaintiff, in his contention at this point, relies upon Section 7246, Code 1927. In accordance with said section, the notice did contain a description of the real estate as taken from the special tax list or special assessment book, which was prepared, certified, and turned over by the County Auditor to the County Treasurer. This book or list containing the special assessments constitutes the tax list as applied to current special assessments. It is true that the property was advertised and sold as the property of Abramsohn, but this does not invalidate the sale of the real estate. The plaintiff

overlooks the provisions of Section 7251, Code, 1927, which provides:

"No irregularity or informality in the advertisement *shall affect the legality of the sale* or the title to any real estate conveyed by the treasurer's deed under this and the two following chapters, *and in all cases its [their] provisions shall be sufficient notice to the owners of the sale thereof.*" (Writer's italics.)

Our prior cases are quite decisive as against the contention of the plaintiff at this point. See Shawler v. Johnson, 52 Iowa 472; Davis v. Magoun, 109 Iowa 308. In the Shawler case this court declared:

"It is claimed that the sale is void because the advertisement does not contain the land in controversy. The answer alleges that notice was given that a sale for delinquent taxes would occur on the day that the sale was made. The only complaint made under this head is that the notice did not contain the land in controversy. The notice fixed the time of sale. The delinquent was bound to know that the taxes on his land had not been paid. The law notified him that all delinquent lands were required to be offered for sale. He cannot shield himself from the consequences of his neglect merely from the fact that the published notice did not contain the land in question. Knowing that his lands were delinquent it ought to have occurred to him that the omission was a mere mistake, and he should have governed his action in accordance with the suggestion."

In addition to the published notice, the record in the instant case fully satisfies us that the plaintiff was fully informed by the County Treasurer that the real estate would be sold at regular tax sale on December 2, 1929, to make the amount of the unpaid installments of the special assessment. In Davis v. Magoun, 109 Iowa 308, the plaintiff sought, against the tax sale certificate holder, to have certain tax sales declared void for lack of sufficient notice and to enjoin the County Treasurer from issuing a tax deed. In holding against the plaintiff's contention, this court declared:

"Section 880, Code, 1873 [now Section 7251, Codes 1927 and 1931] contains this provision: 'And no irregularity or informality in the advertisement shall affect in any manner the legality

of the sale, or the title to any real property conveyed by the treasurer's deed under this chapter, but in all cases the provisions of this chapter shall be sufficient notice to owners of the sale of their property.' The terms of this section, its context in the chapter, and the obvious purpose of the provision, all indicate that the word 'advertisement' is synonymous with 'notice,' and that it is meant to include both the publication and the posting. See Allen v. Armstrong, 16 Iowa 508, as sustaining this view. But it is claimed that the provisions of the last sections are to be taken and applied in favor of the holder of a tax deed only; that a mere certificate holder can get no benefit therefrom; that, as against him, the want of proper notice can be set up. We see no good reason for this attempted distinction. The statute says that the irregularity in the notice shall affect neither the sale or deed. If plaintiff's contention is correct, it would have been enough to say that it should not affect the deed. Furthermore, if plaintiff is right, the closing paragraph of the section cannot be given the force or meaning which its language should properly bear. While it is true that the decisions under this section have been in cases where tax deed had issued, yet the principles announced apply equally in favor of certificate holders. * * * The conclusion at which we arrive is that the notice provided for is not jurisdictional; that, as the legislature could dispense with all notice save that given by the law itself, it could provide that the failure to give such other notice shall not affect the regularity of the sale; and this it has done.''

In view of the provisions of Section 7251, Codes 1927 and 1931, and our prior cases hereinbefore cited, from which quotations are made, it is quite apparent that there is no merit in appellant's contention at this point.

■ II. The appellant contends that he had paid all the taxes that were due against said real estate and had the County Treasurer's receipt therefor, and that for said reason the tax sale is void. It is apparent that, if the plaintiff had paid all taxes chargeable against the real estate, including special assessments, and had the Treasurer's receipt therefor, any subsequent sale of the real estate at tax sale would be void; but the record does not bear out the contention of the plaintiff at this point. He did not pay and does not claim to have paid any of the installments of the special assessment chargeable against the real

estate, for which the real estate was sold at tax sale. It is true that he paid the other taxes upon the real estate owned by him,—that is, upon all the aforesaid tract except the east 6 feet thereof which he had conveyed to Abramsohn,—and that is all his tax receipts show. To illustrate, the receipt reads:

"Received of W. W. Wren in full of First Payment of the following taxes for the year 1928 [description of real estate] Valuation $225.00 Consol'd $18.99; Poll :25; interest .97; Total $20.21."

The other receipts referred to are identical with the foregoing. The plaintiff at this point relies upon Capital City Gas Light Co. v. Charter Oak Ins. Co., 51 Iowa 31; Rath v. Martin, 93 Iowa 499; Iowa Railroad Land Co. v. Guthrie, 53 Iowa 383; Harrison v. Sauerwein, 70 Iowa 291. But said cases bear no analogy to the facts in the instant case, and a careful reading thereof will disclose that they are clearly distinguishable and not in point. Since neither the plaintiff nor anyone else has paid the installments of the special assessment due upon the real estate for the years in question, his contention at this point must be and is devoid of merit.

■ III. The appellant's next proposition is that the sale was void in so far as it included the installments payable prior to the year 1929 "because the amount of the taxes payable in 1926, 1927, and 1928 were never brought forward to the Tax List, each year, and to the Tax List of 1928, as required in Section 7193, Code 1927." Said section provides:

"The treasurer shall each year, upon receiving the tax list, enter upon the same in separate columns opposite each parcel of real estate on which the tax remains unpaid for any previous year, the amount of such unpaid tax, and unless such delinquent real estate tax is so brought forward and entered it shall cease to be a lien upon the real estate upon which the same was levied, or upon any other real estate of the owner. But to preserve such lien it shall only be necessary to enter such tax, as aforesaid, opposite any tract upon which it was a lien. Any sale for the whole or any part of such delinquent tax not so entered shall be invalid."

The system used for carrying forward to the tax list the delinquent special assessments is as follows: To illustrate, the

1928 tax list contains a column headed "Index to Specials," and the assessment against the plaintiff therein contains a reference to Special Assessment Tax List 4, page 28, which index was made as soon as possible after the regular tax list was received by the County Treasurer from the County Auditor. The County Auditor makes no record in the column in the regular tax list indicated, nor in the "index to specials;" these are made by the County Treasurer. The form for the tax list is said to be an official form furnished by the state of Iowa. In order to determine the amount of tax due upon real estate, the 1928 tax list shows the general taxes, and the "index to specials" gives the book and page of the special assessment tax list, and by turning thereto, all delinquent and current special assessments are found.

While not material to our conclusion, we deem it not amiss to say that the 44th G. A. in Chapter 184, 44 G. A., enacted legislation which relieves the County Treasurer from listing delinquent special assessments upon the tax list. This enactment took effect by publication April 30, 1931, and is now found in Sections 7193-d1 to 7193-d5, inclusive, Code 1931. It is apparent, however, that this legislation cannot be considered in the instant case, as the sale herein occurred December 2, 1929.

We find it unnecessary to determine whether the sale for the delinquent installments for 1926, 1927, and 1928 was invalid, as claimed by the appellant; for the sale was for the installment of the special assessment due March 1, 1929, as well as for the installments for the last three preceding years.

The requirements of Section 7193, Code, 1927, in no event apply to the installment for special assessment due March 1, 1929. Therefore, the tax sale was not wholly void. See Parker v. Cochran, 64 Iowa 757. It is therefore apparent that under the assumption that mandamus is a proper remedy to be invoked by the plaintiff, he is not entitled to a writ commanding the County Treasurer to cancel the certificate of sale.

IV. The plaintiff further prays that he "be allowed to pay any tax on his property, with legal interest." He has that right, without resorting to litigation, by making statutory redemption. The County Treasurer, the defendant in this action, has nothing to do with redemption from tax sales. Statutory redemption is made through the County Auditor. This is not an action under Section 7235 of the Code for mandamus against the

Board of Supervisors for an order by them, directing the County Treasurer to refund to a taxpayer any tax or portion thereof found to have been erroneously or illegally exacted or paid. Neither is it an action by the tax sale certificate holder for mandamus against the Board of Supervisors for an order by them directing the County Treasurer to make to him restitution of an amount paid by him on sale of real estate to make the amount of an illegal or erroneous tax. Neither is it an action against said certificate holder for equitable redemption. The certificate holder has rights under the certificate, and he is not a party to this suit. The court could not properly make an order which would affect his rights without his being made a party to the litigation.

It is apparent that the plaintiff in this action against the County Treasurer alone is not entitled to any relief because of the tax sale made by the County Treasurer for the installments of the special assessment which he claims ceased to be a lien upon the real estate because not brought forward and entered upon the tax list. We can do no more than determine the merits of the controversy as between the parties to the litigation.

V. The plaintiff also asks a judgment for damages, contending that the provisions of Section 12451, Code, 1927, are authority for the entry of such a judgment. We find it unnecessary to determine this proposition for the manifest reason that there is no evidence, as disclosed by the record, of damages.

We have considered every proposition urged by the appellant, and, under the record as applied to the matters urged by him as against the County Treasurer as the sole defendant, he is entitled to no relief.

The decree of the trial court must be, and the same is hereby,—Affirmed.

All the justices concur.