36:35 LRA

CHAUNCEY DEMPSTER *et al.*

*v.*

THE PEOPLE *ex rel.* Charles Kern.

*Filed at Ottawa October 11, 1895.*

1. PUBLIC IMPROVEMENTS—*what is presented, on appeal, by objection to judgment for sale of lands.* An objection to judgment for the sale of lands for a delinquent special assessment, that no assessment was ever made or confirmed upon the lands against which judgment is asked, to the overruling of which objection exception was taken, presents the question whether, as matter of fact, such assessment or confirmation appears from the record.

2. SAME—*special assessment cannot be satisfied out of lands not assessed.* A special assessment is a charge upon the specific lands benefited, and not against the owner thereof, and judgment cannot be taken on the assessment against other lands of such owner, though immediately adjoining those assessed.

APPEAL from the County Court of Cook county; the Hon. FRANK SCALES, Judge, presiding.

OSBORNE BROS. & BURGETT, and ROBERT F. PETTIBONE, for appellants.

WILLIAM J. DONLIN, and HARRY RUBENS, Corporation Counsel, for appellee.

Mr. JUSTICE BAKER delivered the opinion of the court:

This is an appeal from a judgment of the county court of Cook county for the sale of certain real estate in Lansingh's second addition to Chicago, for a delinquent special assessment.

It is claimed by appellee that there is no question presented by the record herein for the decision of the court, because the errors assigned have to do with the alleged invalidity of the judgment of the court below, and the bill of exceptions fails to show any exception taken to the judgment that was rendered by that court. The proper mode of making defense to an application for judgment for the sale of real estate for delinquent special

assessments is by filing objections in writing, specifying the particular causes of objection relied on. (Revenue act, sec. 191; Cities and Villages act, art. 9, secs. 40, 44.) Here, appellants duly filed objections, in writing, to the rendition of judgment against certain specified lots in Lansingh's second addition, and among these objections was this: "8.—No assessment has ever been made or confirmed for said proposed improvement upon either or any of the parcels of land above mentioned."

The Practice act (sec. 59) provides, that if, during the progress of any trial in any civil cause, either party shall allege an exception to the opinion of the court, and shall reduce the same to writing, it shall be the duty of the judge to allow said exception and sign and seal the same, and the said exception shall thereupon become a part of the record of such cause. In the case at bar the bill of exceptions, which is signed and sealed by the county judge, recites as follows: "Which was all the evidence offered or introduced by either party on the trial of this cause; and thereupon the court overruled each of the objections filed in this cause, to the action of the court in overruling which objections the owners duly except." And the very first of the assignments of error made upon the transcript of the record filed in this court is this: "1.—The court below erred in overruling the objections of appellants, numbered, respectively, 3, 4, 5, 7 and 8." In this condition of the record we are wholly unable to conclude otherwise than that there is properly presented for the decision of this court the question whether it appears from the record, as matter of fact, that no assessment for the proposed improvement was ever made upon or confirmed against either or any of the parcels of land against which judgment was asked.

The record of the various proceedings had in the matter of the special assessment for the improvement in question,—*i. e.*, the laying of six-inch drains in Millard avenue, from Ogden avenue to West Twelfth street, in

the city of Chicago,—was given in evidence in this cause, and looking into that record we find that the assessments that were made by the commissioners and returned into court, and in respect to which there was judgment of confirmation, were assessments made upon certain designated parcels of land in Kedzie's subdivision, while the tracts of land described in the tax judgment, sale and redemption record, and in the newspaper publication of the list of delinquent lands and lots, and the parcels of land that were returned by the collector as delinquent and the sale of which was asked, were specified parts of designated lots and blocks in Lansingh's second addition. And we further find, from the maps, plats and other testimony in the record, that it is very clearly and without question shown that each and every of the parcels of land in Lansingh's addition that is involved in this appeal, and the sale of which was asked and decreed by the judgment of the court, includes a portion of land against which no special assessment whatever for the improvement was ever either made or confirmed.

A special assessment is a charge upon the land benefited,—not a charge against the owners of such land,—and for a failure to pay the assessment the land upon which it is levied, and that only, can be sold to satisfy the lien. It goes without saying, that portions of land upon which no assessment is made, confirmed or levied can not lawfully be sold to satisfy the liens upon other portions of land, even though they immediately adjoin such other portions.

It was error to overrule objection 8 to the rendition of judgment. For that error the judgment against the property of appellants in respect to which this appeal was taken is reversed. The cause is remanded to the county court.                  *Reversed and remanded.*