CHARLES H. HUDSON·

*v.* ·

THE PEOPLE *ex rel.* James McKee, County Collector.

*Opinion filed December 20, 1900.*

1. SPECIAL ASSESSMENTS—*assessment is a charge against the land and not the owner.*   A special assessment is a charge upon the land and not against the owner, and the payment of the assessment, even though by mistake, discharges both the land and the owner from liability therefor;—and this is true whether payment is by the owner or one having no interest in the land.

2. SAME—*a special assessment cannot be revived by refunding amount paid.*   If a special assessment is voluntarily paid, and payment is accepted by the collector, the assessment cannot be revived, so as to subject the land to sale, by the action of the municipal authorities in refunding the amount paid and declaring the collector's endorsement showing payment to be canceled and void, even though the payment was made by mistake, by one having no interest.

3. SAME—*collector has no power to determine the question of ownership.*   Payment of a special assessment having been accepted, the collector has no power to hear evidence and decide whether the payment was deliberately made or was made by mistake, since neither he nor the municipal authorities have power to determine questions of ownership in land or the rights of parties therein.

WRIT OF ERROR to the County Court of Cook county; the Hon. JOHN H. BATTEN, Judge, presiding.

CHILDS & HUDSON, for plaintiff in error.

M. SLUSSER, and L. C. RUTH, for defendant in error.

Mr. Justice Hand delivered the opinion of the court:

This is an application for judgment for sale by James McKee, treasurer and *ex officio* collector of DuPage county, for the non-payment of the second and third installments of special assessment No. 42, levied by the village of Hinsdale on the sixth day of August, 1895, against the west half of lot 5, in block 1, in Robbins' Park addition to Hinsdale. Objections were filed by plaintiff in error to the rendition of judgment against said premises, of which he was the owner, on the ground that said special assessment had been paid and satisfied.

At the time said assessment was spread, the plaintiff in error, Charles H. Hudson, was the owner of the west half of said lot 5 and George B. Robbins was the owner of the east half of said lot 5. In making the assessment roll the commissioners appointed by the county court assessed the east half of said lot 5 in the name of plaintiff in error, Charles H. Hudson, and the west half of said lot 5 in the name of George B. Robbins. Shortly after the assessment was confirmed Robbins paid the entire assessment upon the west half of said lot 5 to the collector of the village of Hinsdale, and such special assessment was marked "Paid.—Geo. B. Robbins.—March 10, 1896," on the warrant for the collection of said assessment No. 42. Some time thereafter Robbins made a demand upon the village of Hinsdale that it refund to him the money so paid by him in satisfaction of the assessment upon the west half of lot 5. In compliance with such demand the village of Hinsdale re-paid to Robbins the amount of money paid to its collector in satisfaction of said assessment, and by resolution declared the endorsement made by the village collector on warrant No. 42, showing the payment of said assessment, to be void, and directed its village collector to proceed to collect again said assessment. The village collector then drew red lines through the endorsement showing pay-

ment of said assessment, and reported the same as delinquent to the county treasurer of DuPage county.

A special assessment is a charge upon the specific land benefited, and not against the owner thereof, (*Dempster* v. *People*, 158 Ill. 36,) and the payment of such assessment, even though by mistake, discharges both the land and the owner from further liability thereon. (*Morrison* v. *Kelly*, 22 Ill. 609; *Osburn* v. *Searles*, 156 id. 88; *Mason* v. *City of Chicago*, 48 id. 420.) And this is so whether payment be made by the owner or one having no interest in the land. (*Iowa Railroad Land Co.* v. *Guthrie*, 53 Iowa, 383.) It is not for the collector to hear evidence and decide whether the assessment was paid deliberately and with a full knowledge of all the facts, or under some mistake or misapprehension. (*Mason* v. *City of Chicago, supra.*) In the case of *Iowa Railroad Land Co.* v. *Guthrie, supra*, on page 386 the court say: "Payment of taxes defeats the right and power to sell the lands taxed. (*Morris* v. *County of Sioux*, 42 Iowa, 416.) This is so whether payment be made by the owner or one having no interest in the land. A mere stranger has not the right to pay taxes, but if payment be made by such an one and received by the county treasurer, the State or county, or their officers, cannot afterwards question the payment. These officers are not clothed with power to determine questions of ownership of and interest in lands and the rights of parties thereto. Their powers and duties are wholly ministerial."

In *Mason* v. *City of Chicago, supra*, after a special assessment was levied the owner sold the property. Without his knowledge, and subsequent to the sale, his agent paid the assessment and it was so entered on the collector's books. He afterward claimed that the payment had been made through mistake. The collector refunded to him the money, canceled the entry of the payment on his books and destroyed the receipt he had given, and claimed the assessment to be delinquent and unpaid. On

page 421 we say: "The law has conferred upon the collector no power to relieve parties from the effect of their inattention or mistake, and to vest him with such authority would be calculated to operate with hardship, if not positive injustice, in many cases. A person having an interest in knowing that such burthens have been removed from the property would no doubt call upon the collector to ascertain whether it was removed, and finding it marked paid would naturally give himself no further concern in reference to the matter; and if the collector might make such alterations, his property might be liable to be sold and lost, by his thus being thrown off his guard by such an act of the collector. In this case, then, the assessment was discharged by the payment. Nor was it restored by the collector's refunding the money, canceling the entry of payment on his books and destroying the receipt."

The special assessment was valid, and the payment thereof by George B. Robbins was voluntarily made and could not be recovered back by him. (*Walser* v. *Board of Education*, 160 Ill. 272.) Neither could he be relieved by the village from his inattention or carelessness. *Mason* v. *City of Chicago, supra.*

We are of the opinion the payment of said special assessment by George B. Robbins was a satisfaction and discharge thereof; that the village did not have the power to relieve him from a payment made through inattention or mistake; that the special assessment was not restored by the village refunding the money and directing the canceling of the entry of payment on the warrant, and that the court erred in overruling the objections of plaintiff in error.

The judgment of the county court will be reversed and the cause remanded to that court for further proceedings in accordance with the views herein expressed.

*Reversed and remanded.*