KATHARINA RICHTER, EXECUTRIX, ESTATE OF JACOB RICHTER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 21252. Promulgated June 6, 1929.

*Katharina Richter* for the petitioner.
*L. S. Pendleton, Esq.*, for the respondent.

OPINION.

LITTLETON: On September 17, 1926, the Commissioner mailed to the petitioner a notice of his determination that there was a deficiency of $10,383.64 arrived at as follows:

| | | |
|---|---|---|
| Correct amount of tax | | $14,678.19 |
| Tax shown on return and paid | $14,151.65 | |
| Amount refunded | 9,857.10 | |
| Tax discharged | | 4,294.55 |
| Deficiency | | 10,383.64 |

The executrix filed a petition with the Board claiming that the Commissioner erred in including the entire value of the community property as a part of the gross estate of the decedent, who died in 1922. The claim of the petitioner is that under the laws of the State of California the wife has a present, valid, vested, undivided one-half interest in the community property and only one-half of the value of such property should be included in the decedent's gross estate.

In his answer the Commissioner admitted that he had included the entire value of the property as a part of the gross estate in making his determination as set forth in his notice of September 17, 1926, and further admits that petitioner filed a claim for refund of taxes which had been paid by the estate and that the amount of $9,857.10 set forth in the deficiency notice had theretofore been refunded to the estate.

February 2, 1929, the executrix filed a motion asking that this proceeding be dismissed and that the Board enter a decision that there is no deficiency, upon the ground that the amount of $9,857.10, previously refunded, can not be taken into consideration in determining whether there is a deficiency, and upon the further ground that the amount of $526.54, being the difference between the amount of tax shown due upon the return and paid, $14,151.65, and the correct tax liability of $14,678.19, was paid on January 29, 1929, together with interest at 6 per cent to February 1, 1929, amounting to $170.31.

There are two reasons why the motion of the petitioner for a decision of no deficiency and dismissal of the proceeding is not well taken. First, because the Commissioner's notice of September 17, 1926, irrespective of the consideration of the amount of $9,857.10 refunded, determined a deficiency of $526.54, because the amount of tax shown due on the return was less than the correct tax. The Commissioner's determination was made and the petition was filed after the passage of the Revenue Act of 1926, and the subsequent payment of additional tax does not deprive the Board of jurisdiction. Furthermore, the determination of the Commissioner under the provisions of the statute shows a statutory deficiency of $10,383.64. *Austin Co.*, 8 B. T. A. 628; *Good Manufacturing Co.*, 15 B. T. A. 583; *Oilbelt Motor Co.*, 16 B. T. A. 831.

On the merits of the proceeding, the claim of the petitioner that only one-half of the community property should have been included in the gross estate is not well taken and we must hold that the Commissioner correctly included the entire value thereof. *Griffith Henshaw, Executor*, 12 B. T. A. 1441; affd., 31 Fed. (2d) 946.

*Judgment will be entered for the respondent.*