ETTA CRAIG, EXECUTRIX, ESTATE OF ALLEN CRAIG, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 21490. Promulgated November 9, 1929.

*Dan J. Chapin, Esq.*, for the petitioner.
*Frank T. Horner, Esq.*, for the respondent.

#### OPINION.

LITTLETON: This proceeding is submitted on a motion by petitioner to dismiss the appeal for want of jurisdiction and upon a stipulation of the parties. The grounds for petitioner's motion are as follows:

1. That there is no deficiency in tax involved in the appeal;
2. That the alleged deficiency as shown by copy of deficiency letter represents in fact a refund of taxes erroneously made by the respondent;
3. The amount of all the taxes involved in this appeal has been assessed and/or collected on April 4, 1923, and April 27, 1925;
4. That this appeal was filed November 24, 1926;
5. That section 308, Act of 1926, provides the right of appeal wherein a deficiency in taxes has been found by the Commissioner;
6. That the statutes do not empower the Board with authority to pass upon and determine amounts of taxes to be recovered by the Commissioner on account of his refunding taxes erroneously.

The petition herein was filed on November 24, 1926, and is based on the following deficiency letter:

WASHINGTON, *Sept. 29, 1926.*

ETTA CRAIG, *Executrix, Estate of Allen Craig,*
*1348 Kellam Street, Los Angeles, California.*

MADAM: Reference is made to Bureau letter * * * under date of April 27, 1925, concerning estate tax due from the above-named estate.

The return disclosed a tax of $882.95, which the records show was paid on April 4, 1923. However, the estate filed a claim for refund of $877.43, based upon the contention that the estate was the joint accumulation of this decedent and his surviving spouse and that under the community property laws of the State of California only one-half thereof was subject to estate tax. This claim was allowed in the sum of $761.52, with interest, in accordance with Bureau letter addressed to you under date of April 27th, 1925.

In view of the decision of the United States Supreme Court in the case of United States *vs.* Reuel D. Robbins, 269 U. S. 315, decided January 4, 1926, and an opinion of the Attorney General of the United States, issued under date of June 24, 1926 (Treasury Decision 3891), the Bureau has concluded that the

refund was erroneous. The estate tax is therefore redetermined by including in the gross estate of this decedent the entire community property referred to above.

The return is verified as correct, except as reflected in Bureau letter dated April 27, 1925, and a repetition of the changes is therefore considered unnecessary.

Accordingly, the gross estate is determined to be $133,823.92 the deductions are $59,538.50, and the net estate is $74,285.42, the tax upon the transfer of which is $985.71. The deficiency is disclosed by the following tabulation:

| | | |
|---|---:|---:|
| Tax herein determined | | $985.71 |
| Tax shown by return and paid | $882.95 | |
| Deficiency tax paid | 0.00 | |
| Total tax paid | 882.95 | |
| Tax refunded | 761.52 | |
| Tax now satisfied | | 121.43 |
| Deficiency | | 864.28 |

The deficiency tax due, $864.28, a portion of which represents tax shown by the return, bears interest at the rate of six per centum per annum from the due date, one year after date of decedent's death until payment is received by the Collector, as provided by Section 406 of the Revenue Act of 1921.

Within sixty days (not including Sunday as the sixtieth day) after the mailing of this notice, you may, in accordance with the provisions of Section 308 of the Revenue Act of 1926, file a petition with the Board of Tax Appeals for a redetermination of the deficiency. The address of the Board is, United States Board of Tax Appeals, Earle Building, 13th & E Streets N.W., Washington, D. C.

No claim in abatement of any deficiency which may be assessed in this case will be entertained.

If you acquiesce in this determination, either in whole or in part, you are requested to sign the enclosed waiver of restrictions on the assessment and collection of so much of the deficiency as results from the adjustments in which you acquiesce and forward it to the Commissioner of Internal Revenue, Washington, D. C., marked for the attention of the Estate Tax Division, Miscellaneous Tax Unit.

Respectfully,

D. H. BLAIR,
*Commissioner.*

## The stipulation is as follows:

It is stipulated between C. M. Charest, General Counsel, and F. T. Horner, attorneys for the respondent, and Dan J. Chapin, attorney for the petitioner,

1. That the taxes involved in this controversy are estate taxes in amount of $961.55;

2. That all property upon which the tax was predicated was community property as defined by the statutes of the State of California.

3. That subsequent to the date the tax shown on the return was paid ($882.95), and on April 27, 1925, the respondent approved a claim for refund filed by the petitioner, which said claim for refund was based on the contention that one-half only of the community property of the decedent at the date

of death should have been included in the gross estate for the purpose of computing the estate tax; the respondent finding, on said April 27, 1925, that the correct tax due on this basis was $121.43;

4. That the respondent found that the taxes paid on the basis of the return amounted to $882.95, and that there was deducted from said amount the tax found due in the sum of $121.43, and a claim for refund was certified by the respondent in the amount of $761.52, on April 27, 1925, plus interest of $97.27, that subsequent thereto the respondent notified the petitioner on September 29, 1926, that in view of the decision of the United States Supreme Court in the case of the United States vs. Reuel D. Robbins, 269 U. S. 315, decided January 4, 1926, and on an opinion of The Attorney General of the United States issued under date of June 24, 1926 (Treasury decision 3891), the respondent concluded that the refund so made was erroneous and the estate tax was therefore redetermined by including in the gross estate of the decedent the entire value of the community property and determined a deficiency in the amount of $864.28;

5. That all the tax involved in this controversy and that the deficiency so alleged is accounted for by the respondent making an erroneous refund of the taxes herein involved;

6. That if the motion to dismiss for lack of jurisdiction is overruled, it is agreed that the amount of $961.55 is the amount of the deficiency tax that is due on the entire value of the community property of the decedent.

By section 308 of the Revenue Act of 1926, jurisdiction is conferred upon the Board to redetermine deficiencies in estate tax upon the filing by the taxpayer, within a certain period, of a petition with the Board. Section 307 of the same Act provides:

SEC. 307. As used in this title in respect of a tax imposed by this title the term " deficiency " means—

(1) The amount by which the tax imposed by this title exceeds the amount shown as the tax by the executor upon his return; but the amount so shown on the return shall first be increased by the amounts previously assessed (or collected without assessment) as a deficiency, and decreased by the amounts previously abated, refunded, or otherwise repaid in respect of such tax; * * *

The statutory deficiency as computed under the above provision is as follows:

|     |                       |          |        |
| --- | --------------------- | -------- | ------ |
| (1) | Tax proposed          |          | $985. 71 |
| (2) | Tax returned          | $882. 95 |        |
| (3) | Tax refund            | 761. 52  |        |
|     |                       |          | 121. 43 |
| (4) | Statutory deficiency  |          | 864. 28 |

It does not appear that any tax over and above the amount of tax returned has been assessed. The deficiency letter now proposes that an amount in excess of the amount of tax returned be assessed. Such excess can not be assessed, so long as the matter is pending before the Board. We have decreased the amount returned (item 2) by the amount of the refund (item 3) and deducted the remainder from the amount of tax proposed (item 1) with the result that the

statutory deficiency is the amount of $864.28. It thus clearly appears that there exists a statutory deficiency in estate tax. In addition, it may be noted that the amount of tax determined in the deficiency letter is in excess of the amount shown by the return. This computation is a literal application of the words of the statute. It is further important to note that the excess amount sought to be assessed, to wit, $864.28, is in excess of the tax refunded, to wit, $761.52. The fact that it is stipulated that the true amount of the deficiency is the sum of $961.55 only accentuates these differences—that is, the amount respondent will eventually assess and collect, if the motion to dismiss is overruled, will be $200.03 in excess of the amount refunded, and the total tax so assessed and collected will exceed the tax returned by the same amount.

Under this state of case it is clear that the Board has jurisdiction. Such has been the consistent holding of the Board in many cases. See *Fanny Newman et al.*, 6 B. T. A. 373; *Austin Company*, 8 B. T. A. 628; *Fred S. Price, Administrator*, 10 B. T. A. 1166; *Anna M. Townsend et al.*, 12 B. T. A. 1343; *Oilbelt Motor Co.*, 16 B. T. A. 831; *Katharina Richter, Executrix*, 16 B. T. A. 936.

Our attention is invited to the fact that petitioner is an inhabitant of the circuit presided over by the Circuit Court of Appeals for the Ninth Circuit, and that court rendered the decision in *Kelley* v. *United States*, 30 Fed. (2d) 193. It is insisted that the opinion in the *Kelley* case is in conflict with the decisions of the Board above cited. This case was tried in the District Court and reported in 24 Fed. (2d) 234. The facts of that case as disclosed by the two opinions are that Kelley's executors paid a certain amount of estate tax; that thereafter respondent erroneously refunded a part of the tax paid, and the suit was brought to recover precisely the amount refunded, plus interest thereon. The Government filed its petition on the equity side of the docket of the District Court. The Circuit Court of Appeals held that the cause of action was purely at common law and, so holding, said:

It seems clear to us that the suit can not be maintained on the theory on which it was commenced and prosecuted to final decree in the court below. When once paid, a tax is gone, and a refund of the money does not restore it. " If the owner or any other person entitled to make payment of the tax shall do so, the lien will not only be discharged absolutely, but all authority to proceed further against the property will be at an end." Cooley on Taxation (3d Ed.) p. 810. From this view, we know of no dissent. Thus, in *Mason* v. *City of Chicago*, 48 Ill. 420, and *Hudson* v. *People*, 188 Ill. 103, 58 N. E. 964, 80 Am. St. Rep. 166, it was held that the payment of a special assessment discharged the lien, and that the lien could not be reinstated by a mere refund of the amount paid.

There was some discussion on the argument as to the meaning of a deficiency as defined in the revenue laws, but the entire tax imposed by the gov-

ernment was paid, and, if there was no tax, there could in the nature of things be no deficiency. Section 307 of the Revenue Act of 1926 (26 USCA § 1100), in defining a deficiency, refers to amounts previously abated or refunded or otherwise repaid, but such amounts can only be deducted from an existing tax, and, where there is no tax, there can be no deductions.

For these reasons the complaint stated no cause of action in equity. The remedy of the government was an action at law to recover the amount of the refund, as was done by counterclaim in *Talcott* v. *United States* (C. C. A.) 23 F. (2d) 897. It only remains to consider what, if any, relief can be granted to the government on the record as it now stands, and, if none, what disposition should be made of the present appeal.

Turning to the *Talcott* case, referred to in the above opinion, we find that the same court held that a counterclaim to recover taxes refunded was not a proceeding to recover taxes, but was " a demand for the repayment to the government of moneys which had been illegally and by mistake paid by an officer of the United States."

The decision of the court in the *Kelley* case, to the effect that when the refund was made the tax was gone, is in harmony with the decision of the Board in *Carney Coal Co.*, 10 B. T. A. 1397. There it was held that a tax abated could not be revived by a future assessment so as to toll the statute of limitations. The assessment made upon petitioner's return was fully satisfied when the tax was paid and an erroneous refund could not revive it. Under these circumstances, respondent could pursue one of two courses. Either he could sue for the money refunded as paid without warrant of law, or he could treat his previous assessment as satisfied and proceed under his power to make a new determination and assessment, a power which he could exert at any time within the statute of limitations. He has in this proceeding followed the latter course and determined a statutory deficiency and this deficiency the Board has jurisdiction to redetermine. Here we have no suit to recover money paid under mistake of law. The Board is not a court, *Old Colony Trust Co.* v. *Commissioner of Internal Revenue*, 279 U. S. 716, and could not entertain jurisdiction of such a suit, but, if there be a deficiency determined, the Board may, in determining the correctness of such deficiency, determine as well any other question that may arise in such proceeding concerning the correct liability of petitioner, *Peerless Woolen Mills*, 13 B. T. A. 1119, and *Peerless Woolen Mills* v. *Rose*, 24 Fed. (2d) 576. We find no conflict between the decision in the *Kelley* case and the decisions of the Board.

We find, however, a further and marked difference between this proceeding and that in the *Kelley* case. There the suit was to recover the precise amount refunded. Here respondent proposes to assess not merely the amount of the refund but an additional amount. The stipulation that all the taxes involved in this proceeding arose

out of the refund can not overcome the fact that respondent in the deficiency letter proposed to assess a tax in excess of the tax returned, and is in further conflict with that part of the stipulation where it is agreed that the true amount of deficiency is $961.55, which is in excess of the amount refunded in a larger amount than the determination in the deficiency letter. There being here a statutory deficiency coupled with a proposed assessment in excess of the refund, we are of opinion that the *Kelley* case does not apply.

The motion to dismiss is overruled.

Reviewed by the Board.

*Judgment will be entered for the respondent in the stipulated amount of $961.55.*