ELEANOR JANE ZEILE, EXECUTRIX, ESTATE OF EDWARD G. ZEILE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 20094. Promulgated September 29, 1930.

*Peter Tum Suden, Esq.,* for the petitioner.
*Frank T. Horner, Esq.,* for the respondent.

OPINION.

LOVE: We will discuss the law propositions in the order herein presented.

That the Commissioner is not estopped from reasserting a deficiency, theretofore abated by him, is now so well established by decisions of this Board, as well as by appellate courts, that we deem it unnecessary to cite authorities. See *Oilbelt Motor Co.*, 16 B. T. A. 831. The action of the Commissioner in that respect is approved.

In regard to the second proposition, we may safely say that regardless of what the community proposition may be adjudged to be, ultimately, in the seven other community property law States, the courts and this Board have held that the whole community property estate in California is under the control of the husband, and that the wife holds only an expectancy, realized only after the death of the husband, and that on his death the whole of such estate should be included in the gross estate of such deceased husband.

We are controlled by those decisions; hence, the action of the Commissioner on that question is approved. See *United States* v. *Robbins*, 269 U. S. 315; *Griffith Henshaw, Executor*, 12 B. T. A. 1441, with cases therein cited.

The third proposition is that the assessment and collection of the tax is barred by limitation. The decedent died October 23, 1921; hence, the estate tax is governed by the Revenue Act of 1918, with certain provisions of subsequent acts affecting the 1918 Act. The estate-tax title of the 1918 Act contains no limitation, and in no other section of that act appears a limitation period. The estate-tax title of the 1921 Act contains no limitation provision, but section 1322 is a general statute of limitation embracing all internal revenue taxes, except those under section 250 of the 1921 Act, and provides a period of four years from date when such tax became due. Under section 406 of the 1918 Act, the tax became due one year after date of death. Therefore, the tax in the instant case became due on October 23, 1922. Four years from that date was October 23, 1926. The deficiency notice was mailed to petitioner on August 4, 1926. Section 318 (a) of the 1926 Revenue Act provides for the mailing of a deficiency notice if a deficiency be determined after the enactment of that act (February 26, 1926), to be governed by the provisions of section 308 (a), which precludes an assessment until the matter be disposed of as provided in that section. This tax is not barred by limitation.

We come, now, to consider the fourth proposition, raised for the first time in the brief on behalf of petitioner. Ordinarily, an assignment of error, or any issue of fact or law, not raised in the pleadings, will not be considered. However, the issue raised by the fourth proposition is, we believe, fundamental, and, if sound, would preclude the collection of any tax whatever in the instant case, and we therefore consider it. It is the contention of counsel that, by reason of the fact that the Revenue Act of 1921 expressly repealed the Act of 1918 (reserving a limited saving clause), the tax liability of petitioner, if any ever existed, was thereby annulled. He further contends that the saving clause in the 1921 Act does not save this tax. Section 1400 of the Revenue Act of 1921 repeals parts of the 1918 Act, which parts include Title IV (Estate Tax). Subdivision (b)

of that section prescribes that "the parts of the Revenue Act of 1918 which are repealed by this Act shall (unless otherwise specifically provided in this Act) remain in force for the assessment and collection of all taxes which have accrued under the Revenue Act at the time such parts cease to be in effect, and for the imposition and collection of all penalties or forfeitures which have accrued or may accrue in relation to any such taxes."

By reason of the fact that the tax in the instant case became *due* on October 23, 1922, and the 1921 Act became effective on November 23, 1921, counsel contends that the tax here in question had not *accrued* at the time of the enactment of the 1921 Act, and that the 1921 Act saved only such taxes as had then accrued. It is apparent that the solution of the problem here presented hinges on the determination of what Congress meant in the use of the word "accrued" as used in the statute quoted above. Counsel contends that the word accrued means due, and cites, as authority, *Ex parte McCardle*, 7 Wall. 506, 514; *Flanigan* v. *Sierra County*, 196 U. S. 553, 560; *Cook* v. *Bray*, 2 Houst. (Del.) 455, 475; to which may be added *United States* v. *Woodward*, 256 U. S. 632. The word "accrued" has no definite, fixed or crystallized meaning, as is apparent on an examination of Webster's dictionary. It is often used in the sense of coming into existence, as the accrual of interest on a note from day to day, although demand for payment may not be made until the maturity of the note.

The exact issue here involved was presented to, and considered at some length in a supplemental opinion recently rendered by the Court of Claims in the case of *Howard M. Hanna, Executor* v. *United States*, 68 Ct. Cls. 45; certiorari denied, 280 U. S. 102a. We are in complete accord with the reasoning in that opinion. See also *O'Brien* v. *Sturgess*, 39 Fed. (2d) 950.

*Judgment will be entered for the respondent.*