L. G. WOLFE, ADMINISTRATOR, ESTATE OF BERNARD P. LANTERI, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 20202. Promulgated September 30, 1930.

C. G. Dall, Esq., for the petitioner.
Frank T. Horner, Esq., for the respondent.

OPINION.

Love: In disposing of the first issue, we deem it unnecessary to say more than that that issue is now settled by a number of decisions of this Board, as well as by appellate courts, adversely to the petitioner. On that issue the action of the Commissioner is approved.

With reference to the second issue, we will say that the prior decisions of the Board are controlling. In those decisions, it is specifically held that an erroneous refund may be included in the amount of deficiency finally determined by the Commissioner. See *Joseph P. Levy et al.*, 18 B. T. A. 337, *Robert Swanston, Executor*, 18 B. T. A. 379. The action of the Commissioner on that issue is approved. The cases last above cited are authority for denying, and we hereby deny, respondent's motion to increase the deficiency so as to include the interest paid on the amount refunded.

We come now to a consideration of the third issue, that is, the question of limitation. Bernard P. Lanteri died October 21, 1921. The effective date of the 1921 Act is November 23, 1921, hence this case comes under the provisions of the 1918 and subsequent Acts affecting the 1921 Act. The due date of the tax was on or before October 21, 1922 (sec. 406, Revenue Act of 1918). The deficiency notice involved in this proceeding was mailed to petitioner on July 30, 1926. The statutes which control the question of limitation in this case are the following sections of the Revenue Act of 1926:

SEC. 318. (a) If after the enactment of this Act the Commissioner determines that any assessment should be made in respect of any estate or gift tax imposed by the Revenue Act of 1917, the Revenue Act of 1918, the Revenue Act of 1921, or the Revenue Act of 1924, or by any such Act as amended, the Commissioner is authorized to send by registered mail to the person liable for such tax notice of the amount proposed to be assessed, which notice shall, for the purposes of this Act, be considered a notice under subdivision (a) of section 308 of this Act. In the case of any such determination the amount which should be assessed (whether as deficiency or additional tax or as interest, penalty, or other addition to the tax) shall be computed as if this Act had not been enacted, but the amount so computed shall be assessed, collected, and paid in the same manner and subject to the same provisions and limitations (including the provisions in case of delinquency in payment after notice and demand and the provisions prohibiting claims and suits for refund) as in the case of a deficiency in the tax imposed by this title, except that in the case of an estate tax imposed by the Revenue Act of 1917, the Revenue Act of 1918, or the Revenue Act of 1921, or by any such Act as amended, the period of limitation prescribed in section 1109 of this Act shall be applied in lieu of the period prescribed in subdivision (a) of section 310.

SEC. 308. (a) If the Commissioner determines that there is a deficiency in respect of the tax imposed by this title, the Commissioner is authorized to send notice of such deficiency to the executor by registered mail. Within 60 days after such notice is mailed (not counting Sunday as the sixtieth day), the executor may file a petition with the Board of Tax Appeals for a redetermination of the deficiency. Except as otherwise provided in subdivision (d) or (f) of this section or in section 312 or 1001, no assessment of a deficiency in respect of the tax imposed by this title and no distraint or proceeding in court for its collection shall be made, begun, or prosecuted until such notice has been mailed to the executor, nor until the expiration of such 60-day period, nor, if a petition has been filed with the Board, until the decision of the Board has

become final. Notwithstanding the provisions of section 3224 of the Revised Statutes the making of such assessment or the beginning of such proceeding or distraint during the time such prohibition is in force may be enjoined by a proceeding in the proper court.

---

SEC. 1109. (a) Except as provided in sections 277, 278, 310, and 311—

(1) Notwithstanding the provisions of section 3182 of the Revised Statutes or any other provision of law, all internal-revenue taxes shall (except as provided in paragraph (2) or (3) of this subdivision) be assessed within four years after such taxes became due, and no proceeding in court without assessment for the collection of such taxes shall be begun after the expiration of five years after such taxes became due.

(2) In case of a false or fraudulent return with intent to evade tax, of a failure to file a return within the time required by law, or of a willful attempt in any manner to defeat or evade tax, the tax may be assessed, or a proceeding in court for the collection of such tax may be begun without assessment, at any time.

(3) Where the assessment of any tax imposed by this Act or by prior Act of Congress has been made (whether before or after the enactment of this Act) within the statutory period of limitation properly applicable thereto, such tax may be collected by distraint or by a proceeding in court (begun before or after the enactment of this act), but only if begun (A) within six years after the assessment of the tax, or (B) prior to the expiration of any period for collection agreed upon in writing by the Commissioner and the taxpayer.

It will be noted that section 318 (a) authorizes the sending of a deficiency notice after the enactment of the 1926 Act, pertaining to taxes due under the 1918 Act, as provided for in section 308 (a), and further stipulates that the period of limitation shall be as prescribed in section 1109.

Section 308 (a) precludes an assessment of such deficiency, pending action by the Board of Tax Appeals. Section 1109 (a) prescribes the period of limitation to be four years after the tax became due. The assessment and/or collection of the deficiency hereby redetermined is not barred by limitation.

*Judgment will be entered for the respondent.*