ALEXANDER T. SOKOLOW AND H. O. HUNTER, EXECUTORS, ESTATE OF ANGELINA ARADO IHMSEN, DECEASED, TRANSFEREE AND SOLE BENEFICIARY OF THE ESTATE OF MAX F. IHMSEN, DECEASED, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 29072. Promulgated February 25, 1931.

*John B. Milliken, Esq.*, for the petitioners.
*F. T. Horner, Esq.*, and *J. E. Mather, Esq.*, for the respondent.

LANSDON: This is a proceeding under section 316 of the Revenue Act of 1926. The respondent asserts that these petitioners are liable for the payment of estate taxes alleged to be due on the estate of Max F. Ihmsen, in the amount of $988.42. The petitioners, who are the executors of the transferee and sole beneficiary of the estate of Max F. Ihmsen, allege: (1) That only one-half of the community estate held by husband and wife in California should be included in the gross estate of the deceased husband; (2) that the respondent is without authority to determine any tax liability in respect of the estate of Max F. Ihmsen, since no assessment was made within the time provided by section 309 and section 310 of the Revenue Act of 1926; and (3) that if there was any liability, the respondent is now barred from collecting it by the statute of limitations.

The proceeding was submitted on the pleadings, without briefs, and the facts which we state herein are those alleged in the petition and admitted in the answer.

The estate of Max F. Ihmsen, who died on May 4, 1921, a resident of California, has heretofore been duly administered, the property distributed to his wife, Angelina Arado Ihmsen, who was the sole legatee, and the executrix thereof duly discharged.

Angelina Arado Ihmsen died on October 21, 1923, a resident of California, and her estate has been duly administered by Alexander T. Sokolow and H. O. Hunter, executors of her estate, who have distributed all the remaining property of the estate to Josephine Ihmsen Godshall, the sole residuary legatee and devisee. The executors have no funds, assets or property belong to the estate of Max F. Ihmsen, deceased, or the estate of Angelina Arado Ihmsen, deceased.

Max F. Ihmsen and Angelina Arado Ihmsen acquired all the property returned or distributed in the former's estate after marriage in the State of California due to their mutual efforts and cooperation, and all of said property was the community property of the parties. Within the time provided by law for an assessment of tax on the estate of Max F. Ihmsen, the respondent duly assessed such tax. A claim for abatement and refund of such tax was thereafter filed based in part upon the failure of the respondent to allow an exemption on account of the community property interest of the widow, and such claim for abatement and refund was duly and regularly allowed by the respondent.

The notice of deficiency attached to the petition, which was mailed to the petitioners on April 18, 1927, reads in part as follows:

Reference is made to the above-named estate and to Bureau letter of March 23, 1925, which authorized an abatement of tax in the sum of $730.83, and a refund of tax amounting to $220.79. The executrix in her return, on Form

706, listed the entire community property as this decedent's gross estate and it was included in the audit by the Bureau and assessment of tax made upon that basis. Abatement of tax was made in the sum of $730.83 and tax refunded in the sum of $220.79, on account of the elimination of the value of the wife's community interest in the estate.

In view of the decision of the United States Supreme Court in the case of *United States* v. *Robbins*, 269 U. S. 315, rendered January 4, 1926, and an opinion of the Attorney General of the United States issued June 24, 1926, (Treasury Decision 3891) the Bureau has redetermined the tax in this estate and included the entire value of the community property in the gross estate of this decedent.

    \*        \*        \*        \*        \*        \*        \*

Notice is hereby given under section 316 of the Revenue Act of 1926 of your liability as executors of the Estate of Angelina A. Ihmsen, deceased, in the amount of $988.42, for estate tax under Title IV of the Revenue Act of 1918, with respect to the Estate of Max F. Ihmsen of which Angelina A. Ihmsen, deceased, was executrix.

Under the laws of California the entire community estate of a husband and wife is properly included in the gross estate of the husband. *Griffith Henshaw et al.*, 12 B. T. A. 1441; affd., 31 Fed. (2d) 946; certiorari denied, 280 U. S. 43A; *L. G. Wolfe, Administrator*, 20 B. T. A. 1065.

The respondent may make a new determination at any time within the statute of limitations and he is not estopped by reason of his having theretofore erroneously abated the assessment made and refunded the tax paid. *L. G. Wolfe, Administrator, supra; Eleanor Jane Zeile, Executrix*, 20 B. T. A. 1039; *Etta Craig, Executrix*, 18 B. T. A. 86; *Oilbelt Motor Co.*, 16 B. T. A. 831.

It remains only for us to determine whether assessment and/or collection of the deficiency is barred by the statute of limitations. Max F. Ihmsen died on May 4, 1921, and his estate tax liability is governed by the Revenue Act of 1918. Section 406 of that act provides that an estate tax " shall be due one year after the decedent's death." The estate tax title of the 1918 Act contains no limitation provision, but section 1322 of the Revenue Act of 1921, which embraces all internal revenue taxes except those under section 250 of the 1921 Act, provides a period of four years from the date when the tax became due. In the instant case the four-year period expired on May 4, 1926, which is after the effective date of the Revenue Act of 1926. Section 316 (a) of the Revenue Act of 1926 provides for proceeding against a transferee of a decedent or donor by the mailing of a deficiency notice and for so asserting the liability of a fiduciary under section 3467 of the Revised Statutes. The period of limitation for assessment against such transferee or fiduciary is fixed by subdivision (b) of that section as follows: "(1) Within one year after the expiration of the period of limitation for assessment against the executor or donor; \* \* \*." Section 308 (a)

of the 1926 Act precludes an assessment pending action by the Board of Tax Appeals and the running of the statute of limitations is suspended during such period by section 310 (b) of the same act. The period within which assessment could be made against a transferee of the estate of Max F. Ihmsen extended to May 4, 1927, and within such period, on April 18, 1927, the liability of these petitioners was asserted.

The assessment and/or collection of the tax here involved is not barred by the statute of limitations.

*Decision will be entered for the respondent.*