Jack B. Boysen v. Commissioner.
Boysen v. Commissioner
Docket No. 45300.
United States Tax Court
T.C. Memo 1954-203; 1954 Tax Ct. Memo LEXIS 43; 13 T.C.M. (CCH) 1073; T.C.M. (RIA) 54309; November 29, 1954, Filed *43 Jack B. Boysen, pro se. Robert J. Fetterman, Esq., for the respondent. LEMIRE Memorandum Findings of Fact and Opinion The respondent determined a deficiency in income tax against Jack B. Boysen and his wife, Sarah F. Boysen, for the year 1950 in the amount of $153. A petition was filed by petitioner Jack B. Boysen for a redetermination of the deficiency. Several assignments of error are set forth in a confused and rather incoherent manner. We think they may be summarized as follows: (1) The action of the respondent in making a refund of the amount shown on the joint return estops him from thereafter determining a deficiency. (2) The respondent has failed to recognize a settlement made with the collector of internal revenue for the district of Michigan. Findings of Fact The petitioner, Jack B. Boysen, and Sarah F. Boysen, as husband and wife, filed a joint return for the calendar year 1950 with the collector of internal revenue for the district of Michigan, at Detroit. The total gross income reported was in the amount of $2,629.36, consisting of wages received during the year. Deductible expenses aggregating $2,797.41 were claimed and no tax was shown *44 to be due. The amount of $151.55 was shown as taxes withheld and a refund of that amount was requested. On September 18, 1951, a check in the amount of $155.50, representing the claimed refund of $151.55 shown on the return with $3.95 interest as a tentative refund, was sent by the respondent to Jack B. Boysen and Sarah F. Boysen. On August 15, 1952, a statutory notice of deficiency was mailed to petitioner and his wife disclosing a deficiency of $153. A statement attached to the notice disclosed that the deficiency arose by reason of the disallowance of certain of the claimed expense deductions. On October 11, 1952, Sarah F. Boyten forwarded a check to the collector of internal revenue at Detroit for $155.50, the exact amount of the tentative refund previously made to petitioner and his wife. Such remittance was placed in a suspense account by the collector. On November 10, 1952, a petition was filed with this Court. Opinion LEMIRE, Judge: The deficiency determined by the respondent was timely. That the respondent is not estopped from asserting a deficiency where a tentative refund has been made is well established by the decisions of this Court. Oilbelt Motor Co., 16 B.T.A. 831; *45 Joseph P. Levy et al., Executors, 18 B.T.A. 337, 340; Alexander T. Sokolow et al., Executors, 22 B.T.A. 349, 351; Henry C. Warren, 13 T.C. 205. The record discloses no evidence to support the claim that an agreement of settlement as contemplated under the applicable revenue acts was ever executed. Oilbelt Motor Co., supra. It does not appear that the petition raises any issue as to the propriety of the respondent's action in disallowing certain of the claimed expense deductions. If such issue, under the confusing language of the petition, could be considered as properly presented, the petitioner offered no evidence whatever with respect to items of expense disallowed by the respondent. In this posture of the proceedings we are required to sustain the respondent's determination. Decision will be entered for the respondent.